IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| KRISTY SMITH, | * |
| Plaintiff, | * |
| v. | * |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security | *   No. 1:18cv00036-JJV |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Kristy Smith, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was 34 years old at the time of the administrative hearing. (Tr. 37.) She has high school education and past work as a rock quarry operator, construction worker, newspaper carrier and cashier. (Tr. 21.) I note Ms. Smith has a strong work history. (Tr. 165-166.)

Plaintiff advances two points in support of her Complaint that the ALJ: 1) failed to give proper weight to the opinions of her treating physician Wayne Bruffett, M.D. (Doc. No. 15 at 19-27); and 2) discredited Dr. Bruffett's opinion through improper description of Plaintiff's activities of daily living (*Id.* at 27-29).

About Plaintiff's activities of daily living, the ALJ concluded:

> Despite these allegations, the claimant noted in a function report that she prepares her own meals, cleans the house, washes dishes, takes out the trash, does the laundry, reads, does not need any help or reminders to take her medicine, drives a car, goes out alone, goes shopping in stores, pays bills, counts change, handles a savings account, goes out to eat a couple of times a month, uses a checkbook, watches television, does not need to be reminded to go places, and spends time with others. [ ] In addition, she testified that since her back surgery, she fixes breakfast, sweeps the floors, goes to Walmart, and goes to her daughter's softball games. Here the claimant has described daily activities that are inconsistent with her allegations of disabling symptoms and limitations.

(Tr. 17.)

Upon careful review, I agree that the ALJ inaccurately described Plaintiff's activities of daily living. Regarding household chores, Plaintiff clarified, "I live in a camper. So it's not a big area. I try to sweep or keep the house as well as I can. I do have to take a lot of breaks, sit down." (Tr. 42.) She does "ride to Walmart" and "try to help with the grocery shopping. But when it gets 10 minutes, [she has] to find a bench, sit down and let them kind of finish buying what they need to get." (Tr. 43.) While it is correct she goes to her daughter's softball games, Ms. Smith clarified, "So I will ride to her games and I try to be as much part of the family as I can and as the best I can. I just try to manage my pain as best." (*Id.*) And in her Function Report, Ms. Smith greatly qualified her abilities. (Tr. 236-244.)

Accordingly, I find the Commissioner's decision is not supported by substantial evidence. The decision is weighted heavily on Plaintiff's activities of daily living and I agree with Plaintiff that the decision does not accurately describe her stated abilities. Therefore, this case is remanded to the Commissioner for further development of the record. On remand, the Commissioner should accurately consider Plaintiff's activities of daily living. Additionally, the Commissioner should reevaluate the opinions of Dr. Bruffett.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 28th day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE